DAI WONG, Petitioner,

v.

Alberto R. GONZALES, Attorney General of the United States, The United States Department of Justice, Michael Chertoff, Secretary of the Department of Homeland Security, and the Department of Homeland Security, Respondents.

No. 05–6177–ag.

United States Court of Appeals, Second Circuit.

March 2, 2007.

Douglas B. Payne, New York, New York, for Petitioner.

Glenn T. Suddaby, United States Attorney for the Northern District of New York, Paul D. Silver, Assistant United States Attorney, Albany, New York, for Respondents.

Present: Hon. CHESTER J. STRAUB, Hon. ROBERT A. KATZMANN, Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Petitioner Dai Wong, a native and citizen of the People's Republic of China, seeks review of a November 8, 2005 order of the BIA denying petitioner's motion to reconsider its prior decision or reopen his exclusion proceedings. *In re Dai Wong,* No. A 72 484 269 (B.I.A. Nov. 8, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006). To the extent that Wong's September 2005 motion requested that the BIA reconsider its prior affirmance of the IJ's decision denying Wong's motion to rescind the order of exclusion *in absentia,* the motion to reconsider was properly denied as untimely. *See* 8 C.F.R. § 1003.2(b)(2).

To the extent Wong's September 2005 motion can be construed as a motion to reopen, because it was filed more than ninety days after the BIA's last decision in his case, it was required to demonstrate changed conditions in China that give rise to a claim for asylum, withholding of removal, or CAT relief. *See* 8 C.F.R. § 1003.2(c)(3)(ii). Because he alleged no changed conditions in China, and rather raised the same claim he raised in his 1993 application, the BIA did not abuse its discretion in denying the motion. *See id.; Cf. Poradisova v. Gonzales,* 420 F.3d 70, 81 (2d Cir.2005).

Because Wong failed to show that the new evidence in his motion was previously unavailable, the BIA was not required to address it. *See* 8 C.F.R. § 1003.2(c)(1). Finally, contrary to Wong's argument, the BIA did not abuse its discretion in failing to provide him with an opportunity to address the timeliness of his motion. The regulations provided Wong with sufficient notice that his motion was untimely. *See* 8 C.F.R. § 1003.2(b)(2), (c)(2), (c)(3).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.